Filed 9/17/20  P. v. Diaz-Rivero CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B305684 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA063442) |
| v. | |
| CARLOS DIAZ-RIVERO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2015, defendant and appellant Carlos Diaz-Rivero pled no contest to attempted murder. The trial court imposed a restitution fine of $3,000, as well as a criminal conviction assessment and a court security fee. In 2020, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Diaz-Rivero unsuccessfully moved in the trial court for modification of the restitution fine. He appeals the court's order denying the motion. Because the order is nonappealable, we dismiss the appeal.

PROCEDURAL BACKGROUND

On August 18, 2015, Diaz-Rivero pled no contest to attempted murder, with a firearm enhancement. (Pen. Code, §§ 664, 187, subd. (a), 12022.5, subd. (a).)[1] The trial court, the Hon. Christopher G. Estes, sentenced Diaz-Rivero to a term of 15 years, in accordance with the plea agreement. Without objection, the court imposed a restitution fine of $3,000, a suspended parole revocation restitution fine in the same amount, a $30 criminal conviction assessment, and a $40 court operations assessment. This court affirmed the judgment in November 2016. (*People v. Rivero* (Nov. 4, 2016, B267288) (nonpub. opn.).) The remittitur issued on January 17, 2017.

On January 8, 2020, Diaz-Rivero, acting in propria persona, moved to modify the restitution fine based on *Dueñas*. He argued that under *Dueñas,* the court was required to conduct an ability-to-pay hearing before imposing such a fine, his sentence was unauthorized, and such a hearing should be held or the restitution fine reduced. The Hon. Daviann L. Mitchell denied the motion in a written order filed on January 23, 2020. Among other things, the court reasoned that the trial court must have

---

[1] All further undesignated statutory references are to the Penal Code.

2

considered defendant's ability to pay because it imposed a restitution fine greater than the statutory minimum, the restitution fine was proper in light of the nature of the crime and the sentence imposed, and the issue was forfeited because Diaz-Rivero failed to object or assert his inability to pay at sentencing.

Diaz-Rivero filed a timely notice of appeal.

DISCUSSION

After review of the record, Diaz-Rivero's court-appointed counsel filed an opening brief that raised no issues, and requested that this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Appellant was advised that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. He has filed a supplemental brief.

The trial court's order is nonappealable. Generally, once a judgment is rendered and execution of the defendant's sentence has begun, the trial court lacks jurisdiction to vacate or modify the sentence. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204.) "If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed. [Citations.]" (*People v. Torres*, at p. 1084; see also *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

Even if the order were appealable, Diaz-Rivero's claim would fail because he forfeited any challenge to the restitution fine imposed. The minimum restitution fine under section 1202.4 is $300. (§ 1202.4, subd. (b)(1).) Subdivision (d) of that statute provides that inability to pay may be considered when the court

3

imposes a fine above the minimum.  Thus, Diaz-Rivero had a statutory right to an ability-to-pay determination at sentencing and an objection would not have been futile.  But when the trial court imposed the fine, Diaz-Rivero did not object, assert that he was indigent, or request an ability-to-pay determination.  By failing to do so, he forfeited the claim.  (See, e.g., *People v. Miracle* (2018) 6 Cal.5th 318, 356; *People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1073–1074.)  By failing to object that he lacked the ability to pay the $3,000 restitution fine, he also forfeited his challenges to the much lower court operations and criminal conviction assessments.

In his supplemental brief, Diaz-Rivero argues that his conviction is not final within the meaning of *In re Estrada* (1965) 63 Cal.2d 740.  He is incorrect.  The remittitur issued in the case in 2017, long before he filed his motion.  The fact he purportedly has an unrelated federal appeal has no effect on the finality of Los Angeles Superior Court case No. MA063442.

Diaz-Rivero also asserts that the trial court promised to conduct "a restitution hearing as part of the plea agreement," but failed to do so.  But the restitution hearing the court and the parties referred to was a hearing to determine the amount of *direct victim restitution* pursuant to section 1202.4, subdivision (f), not a section 1202.4, subdivision (b) fine.[2]  *Dueñas* does not address the issue of direct victim restitution.

Nor is Diaz-Rivero's sentence unauthorized, as he suggests. *Dueñas* held that due process requires that a trial court stay

---

[2]    From the record before us, it does not appear that the court ordered any direct victim restitution.

4

execution of a section 1202.4 restitution fine unless and until the People demonstrate a defendant has the ability to pay it. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1164, 1169–1172.)[3] *Dueñas* does not hold that a restitution fine can never be imposed, only that the defendant's ability to pay must appear as a predicate. (*Id.* at p. 1172.) Thus, the fine was not an unauthorized sentence. (*People v. Avila* (2009) 46 Cal.4th 680, 729.)

We have examined the record, and are satisfied no arguable issues exist and Diaz-Rivero's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

---

[3] Our Supreme Court is currently considering whether a court must evaluate a defendant's ability to pay before imposing or executing fines, fees, and assessments. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EDMON, P. J.


We concur:



LAVIN, J.



EGERTON, J.